UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PURISIMA C. LACONICO,<br>Plaintiff,<br>v.<br>CAL-WESTERN RECONVEYANCE CORPORATION, et al.,<br>Defendants. | Case No. 17-cv-00698-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Re: ECF 7] |

Plaintiff Purisima Laconico ("Laconico") brings various causes of action against Wells Fargo, N.A. ("Wells Fargo"), World Savings Bank ("WSB"), and Cal-Western Reconveyance Corporation ("Cal-Western"). Laconico alleges that the defendants failed to deal with her and her mortgage fairly, and failed to follow the proper procedures when conducting a non-judicial foreclosure sale of Laconico's home. *See generally* Ex. A to Notice of Removal ("Compl."), ¶¶ 50-52, 89, 42-44, 81, 121-122, ECF 1. Before the Court is Wells Fargo's unopposed motion to dismiss Laconico's complaint. Mot. to Dismiss ("MTD"), ECF 7. Pursuant to Civ. L.R. 7-1(b), the Court finds Wells Fargo's motion to dismiss suitable for submission without oral argument and hereby VACATES the hearing scheduled for July 27, 2017. For reasons discussed below, the Court GRANTS Wells Fargo's motion to dismiss.

**I. BACKGROUND**

Laconico filed the instant action ("Current Action"), in Santa Clara Superior Court on December 30, 2016. *See generally*, Compl. Laconico names as defendants: Cal-Western Conveyance Corporation, Wells Fargo Bank, N.A., and World Savings Bank, FSB. *Id.*

Wells Fargo removed this case to this Court on February 10, 2017. *See generally,* Notice of Removal, ECF 1.

The complaint concerns real property located at 875 Plaza Drive, San Jose, CA 95125

("Property"). Compl. ¶ 8. In September 2006, Laconico obtained a loan for $925,000 ("Loan") from World Savings Bank, FSB. *See* Ex. F to Request for Judicial Notice ("RJN"), ("Deed"), ECF 8. The loan was for the purchase of, and was secured by, the Property. WSB memorialized and secured the loan with a promissory note and a deed of trust. Deed; Ex. G to RJN ("Note"). The Deed states that "World Savings Bank, FSB, its successors and assignees" are the Loan's beneficiaries. Deed 1-2. Similarly, the Note specifies that "World Savings Bank, FSB, a federal savings bank, its successors and assignees" are the Loan's lenders. Note 1.

Laconico went into default on the Loan in October of 2008. *See* Ex. H to Request for Judicial Notice (Notice of default references failure to make October 15, 2008 payment). Since 2009, Laconico has filed twenty-five bankruptcy actions. Ex. J to RJN. Every action was dismissed for failure to file the schedules necessary for the bankruptcy to proceed. *Id*. Because Laconico remained in default, Wells Fargo recorded a notice of default of March 12, 2010, and a notice of sale on November 10, 2014. Exs. H and I to RJN.

Laconico's claims can be summarized as the following. First, she claims that the process of securitization destroyed defendants' right to foreclose her home. *See* Compl. ¶¶ 29, 42-44, 49, 73, 81, 104, 114, 121-122, 140. Second, she claims that Defendants fraudulently misled her about her mortgage, Compl. ¶¶ 50-52, 89, and that Defendants' attempted foreclosure is not procedurally sound, Compl. ¶¶ 16-18, 25, 26, 28, 70-71. Laconico asserts eleven causes of action based on these claims: (1) "Homeowner's Bill of Rights," (2) "violation of California Business and Professions Code Sections 17200 Et Seq," (3) "Negligence," (4) "Declaratory Relief," (5) "Fraud in the Concealment," (6) "Intentional Infliction of Emotional Distress," (7) "slander of tile," (8) "quiet title," (9) "recession," (10) "injunctive relief," (11) "predatory lending practices." *See generally* Compl.

All the named defendants besides Wells Fargo are defunct organizations. In 2006, when Laconico obtained her mortgage, WSB was a federal savings bank overseen by the Office of Thrift Supervision ("OTS"). *See* Exs. A and C to RJN. WSB changed its name to Wachovia Mortgage, FSB on December 31 2007, Ex. B to RJN, but remained chartered under the Homeowner's Loan Act (HOLA) and overseen by the OTS. Ex. C to RJN. On November 1, 2009, Wachovia

Mortgage later merged and became part of Wells Fargo Bank, N.A. Ex. D to RJN. As to Cal-Western Conveyance, it petitioned for bankruptcy on June 25, 2013 and has filed a notice of bankruptcy in the instant action. Notice of Bankruptcy and Permanent Injunction 2, ECF 3. On December 19, 2013, the Bankruptcy Court for the District of Delaware permanently enjoined all but a small subset of claims against Cal-Western. *Id*.

### A. The Prior Action

The Court also recounts a prior suit filed by Laconico concerning the Property because it will be relevant to Wells Fargo's motion to dismiss. Laconico filed suit against Wells Fargo Home Mortgage in state court on April 13, 2015. Ex. A to Notice of Removal ("Prior Action Compl."), *Laconico v. Wells Fargo Home Mortgage* ("Prior Action"), No. 5:15-cv-02364-EJD (N.D. Cal. May 27, 2017), ECF 1. In that case, Laconico's complaint made three main claims. The first was that Wells Fargo Home Mortgage had intentionally misled her about the costs of her mortgage. *See* Prior Action Compl. ¶¶ 28-35, 82, 128, 162, 196, 212. The second was that Wells Fargo Home Mortgage could not foreclose her property because it lacked the original note or deed of trust since the Loan was converted into a mortgage-backed security. *See* Prior Action Compl. ¶¶ 26, 46, 49-53, 60, 93-94, 104-07, 124, 144, 172. Finally, Laconico claimed that Wells Fargo Home Mortgage failed to properly follow California's non-judicial foreclosure procedure. *See* Prior Action Compl. ¶¶ 12, 17, 61. Based on these claims, Laconico brought ten causes of action: (1) "declaratory relief," (2) "fraud," (3) "Tortious Violation of Statute," (4) "quiet title," (5) "reformation," (6) "violations of business and profesions [sic] code §17200," (7) "violation of CA Civ. Code §2923.6," (8) "violation of CA Civ. Code §1788.17," (9) "violation of CA Civ. Code §1572," and (10) "injunctive relief." *See generally* Prior Action Compl. On May 27, 2015, the defendant timely removed the case to the Northern District of California where the Prior Action was assigned Case Number No. 5:15-cv-02364-EJD. Notice of Removal, *Prior Action*, ECF 1. On September 23, 2015, the Court dismissed the Prior Action with prejudice for failure to prosecute under Federal Civil Procedure Rule 41. Ex. I to RJN ("41(b) dismissal").

## II. JURISDICTION

Wells Fargo is a citizen of South Dakota. Notice of Removal, 3, ECF 1. Since WSB is a predecessor of Wachovia Mortgage, which eventually merged into Wells Fargo, the Court need not consider its citizenship. Exs. C and D to RJN; *e.g.*, *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (noting that divisions of corporations lack "the formal separateness" to be relevant to citizenship determination for diversity jurisdiction). Wells Fargo acknowledges that Cal-Western is a citizen of California. Notice of Removal, 2, ECF 1. However, Wells Fargo argues that this Court may still exercise jurisdiction over this matter because Cal-Western is fraudulently joined. Notice of Removal, 4.

Wells Fargo provides three arguments in support of finding fraudulent joinder. Wells Fargo first argues that many other courts have found Cal-Western to be fraudulently joined under similar circumstances. Notice of Removal 4:10-17. Wells Fargo then avers that because Cal-Western is merely a former trustee of Laconico's mortgage, it does not bear a close enough relationship to the controversy to be a proper plaintiff. *Id.* at 4:17-20. Wells Fargo also argues that all of Laconico's claims against Cal-Western are barred by an injunction issued by the bankruptcy court overseeing Cal-Western's parent company's bankruptcy. *Id.* at 4:21-5:2.

If a "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Simpson v. Union Pacific R. Co.*, 282 F. Supp. 2d 1151, 1155 (9th Cir. 2003) ("Simply stated, the test is whether on the face of the removed complaint, there is any possibility plaintiff could prevail." (internal citations removed)). "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A removing defendant is "entitled to present the facts showing the joinder to be fraudulent." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The removing defendant may submit facts showing that the resident defendant has "no real connection with the controversy." *Ritchey*, 139 F.3d at 1318. If factual issues are in dispute, the Court must resolve "all disputed questions of fact . . . in the plaintiff's favor." *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416,

4

1426 (9th Cir. 1989).

Because all claims Laconico asserts against Cal-Western in her complaint are barred by an injunction, the Court considers Cal-Western to be fraudulently joined. On December 10, 2013, the bankruptcy court for the district of Delaware permanently enjoined all but a small subset of claims against Cal-Western. Ex. B to ECF 3 ("Bankr. Order") ¶ 26; *In re Prommis Holdings*, LLC, et al., No. 13-10551 (BLS) (Bankr. D. Del. 2013). The injunction does allow "wrongful foreclosure" claims but only if they are brought under the bankruptcy plan's "Injunction Exemption" procedure. Bankr. Order ¶¶ 26-27. To proceed under the exemption, Laconico must first have filed a "Notice of Election" with the bankruptcy court and served the letter on Cal-Western. Bankr. Order ¶ 27. Nowhere in the complaint does Laconico plead facts showing that she availed herself of the "exemption" and may proceed as an "exempt plaintiff" under the plan. *See generally* Compl. Accordingly, Laconico cannot proceed against Cal-Western in this suit. *See, e.g., In re Moon Joo Lee*, 2015 WL 3960897, BAP No. NC-14-1423-DKITA at *1 (B.A.P. 9th Cir. June 29, 2015) (upholding rule 11(c) sanctions for filing enjoined claims against a debtor). Since the claims against Cal-Western are not properly before this Court, the Court considers Cal-Western to be "a sham defendant," who cannot destroy diversity jurisdiction. *See, e.g.*, *Ritchey*, 139 F.3d at 1319 (statute of limitations' procedural bar makes joinder fraudulent).

### III.    LEGAL STANDARD

#### A.    12(b)(6) Motion to Dismiss

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or

5

1  unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**IV.   DISCUSSION**

Before turning to the motion to dismiss, the Court addresses Wells Fargo's request for judicial notice.

**A.   Request for Judicial Notice**

Wells Fargo requests judicial notice of the following twelve documents in support of its motion to dismiss: (A) WSB certificate of corporate existence; (B) November 19, 2007 letter from OTS; (C) Wachovia Mortgage Charter; (D) Certification of Wachovia Mortgage's name change and merger with Wells Fargo; (E) FDIC print out showing history of Wachovia Mortgage; (F) Deed of trust; (G) Adjustable Rate Mortgage Note; (H) Notice of Default and Election to sell under deed of trust; (I) Notice of Trustee's Sale; (J) List of Bankruptcy Court Filings; (K) Laconico's Complaint filed in Santa Clara Superior Court in 2015; (L) Order Dismissing Prior Action. Wells Fargo argues that exhibits A through E are noticeable because they document official acts of the United States executive department and are printouts from government websites. RJN 3. Wells Fargo avers that the other exhibits are noticeable because: Exhibits F, H and I are matters of public record, Exhibit G is incorporated in the complaint and Exhibit J is a printout from a government website. *See* RJN 3-4. Wells Fargo presents no argument for why exhibits K and L are noticeable. The Court will consider each class of exhibits in turn.

Judicial notice is appropriate with respect to Exhibits E and J because they are printouts from government websites. *See Cachil Dehe Band of Wintun Indians of the Colusa Indian Comm'ty v. Cal.*, 547 F.3d 962, 969 n.4 (9th Cir. 2008) (taking judicial notice of information located on California Gambling Control Commission website). Judicial notice is also appropriate

1 with respect to Exhibits F, H and I because they are documents publicly filed with the Santa Clara County Recorder. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of matters of public record). Exhibits A-D are properly subject to judicial notice because they are matter of public record. *Distor v. U.S. Bank NA,* No. 09-02086-SI, 2009 WL 3429700, *2 (N.D. Cal. Oct. 22, 2009). Exhibit G is properly subject to judicial notice because its "contents are alleged in [the] complaint" and "no party questions" their authenticity. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Finally, the Court will take judicial notice of exhibits K and L since they are filings from a federal court. *U.S. v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Accordingly, Wells Fargo's RJN as to all documents is GRANTED.

### B. Claim Preclusion

Wells Fargo argues that all of Laconico's claims are barred by *res judicata* or claim preclusion. MTD 2-3. Wells Fargo avers that all of Laconico's current claims were raised and dismissed in the Prior Action. *Id*. at 3. According to Wells Fargo, since none of the conduct alleged in Laconico's complaint occurred after February 2014 (the Prior Action was filed in 2015), all of Laconico's claims could have been brought in the Prior Action. *Id*. at 3-4. In failing to file an opposition, Laconico does not address Wells Fargo's arguments.

"The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' " *In re Schimmels,* 127 F.3d 875, 881 (9th Cir.1997) (quoting *Montana v. United States,* 440 U.S. 147, 153–54 (1979)). Under Rule 8(c), res judicata may be raised as an affirmative defense in response to a pleading. Fed.R.Civ.P. 8(c)(1). Dismissals by federal courts sitting in diversity are to be given preclusive effect according to "the law that would be applied by state courts in the State in which the federal diversity court sits." *Taco Bell Corporation v. TBWA Chiat/Day Inc.*, 552 F.3d 1137, 1144 (9th Cir. 2009) (quoting *Semtek Intern. Inc.,v. Lockheed Martin Corp.*, 531 U.S. 497, 507-08 (2001)). Accordingly, this court will analyze Wells Fargo's preclusion arguments under California law.

In California, claim preclusion applies if "(1) the decision in the prior proceeding is final and on the merits; (2) the present action is on the same cause of action as the prior proceeding; and (3) the parties in the present action or parties in privity with them were parties to the prior

7

proceeding." *Zevnik v. Superior Court*, 159 Cal. App. 4th 76, 82-83 (2008). If a claim could have been brought in the proceeding action, then it is barred from being raised again in a proceeding on the same cause of action. *Mycogen Corp. v. Monsanto Co.,* 51 P.3d 297, 302 (Cal. 2002).

### i. The Prior Action was Adjudicated on the Merits

Turning to the first prong, the Court finds that the Prior Action was adjudicated on the merits. In the Prior Action, this Court has dismissed Laconico's claim with prejudice under Fed. R. Civ. Proc. 41(b). In *Semtek Intern. Inc. v. Lockheed Martin Corp.,* the Supreme Court explained that a 41(b) dismissal from the Central District of California "barred refiling of the same claim" in the same district. 531 U.S. 497, 506 (2001). The Ninth Circuit further explains that "involuntary dismissal [under 41(b)] generally acts as a judgment on the merits for the purposes of res judicata." *Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 714 (9th Cir. 2001). Here, the Prior Action was dismissed pursuant to Rule 41(b) with prejudice in the same district where the instant action is now being considered. Accordingly, that dismissal clearly acts as an adjudication on the merits for the purposes of claim preclusion.

### ii. The Prior Action and This Action Share the Same Primary Rights

California uses a "primary right" theory rather than the "transactional" theory favored by the federal courts to determine the identity of a "cause of action." *Gonzalez v. California Department of Corrections*, 739 F.3d 1226, 1232-33 (9th Cir. 2014). In California, "A cause of action is comprised of a primary right of the plaintiff, a corresponding primary duty of the defendant, and a wrongful act by the defendant constituting a breach of that duty." *Id.* 1232-33. "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Id.* 1232-33. "The cause of action is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. . . . One injury gives rise to only one claim for relief." *Boeken v. Philip Morris USA, Inc*., 48 Cal. 4th 788, 798 (2010).

The Prior Action and the instant action both address the same rights and the same harms. In the first instance, all of Laconico's claims derive from the same primary harm, a wrongful

8

foreclosure. *See generally* Compl.; Prior Action Compl. Courts have consistently found that actions challenging foreclosures implicate the same unitary harm. *See Norma Prado v. Quality Loan Serv. Corp.*, No. 13-4536-EMC, 2014 WL 46634, at *1 (N.D. Cal. Jan. 1, 2016) ("even though different legal claims were raised in the state court case, Ms. Prado seeks a remedy for the same injury in both cases – in essence, a wrongful foreclosure."); *see also Lomeli v. JPMorgan Chase Bank, N.A.*, No. 15-04022, 2015 WL 12746210, at *5 (C.D. Cal. Oct. 5, 2015) ("In California, a wrongful foreclosure constitutes an injury to a single primary right, regardless of the legal theory challenging the foreclosure"). Since all of Laconico's claims ultimately challenge the legality of her foreclosure, they all address the same primary right as the Prior Action, and are all precluded.

Even under a more granular analysis, the primary rights asserted in this action are identical to those raised in the Prior Action. In both actions, Laconico alleges that Wells Fargo harmed her property interest in her home by attempting to foreclose her property after having lost their right to do so by wrongfully transferring the note and deed of trust. *Compare* Compl. ¶¶29, 42-44, 49, 73, 81, 104, 114, 121-122, 140 *with* Prior Action Compl. ¶¶ 26, 46, 49-53, 60, 93-94, 104-107, 124, 144, 172. Laconico alleges that Wells Fargo violated her primary interest in fair dealing by misleading her about the mortgage's cost and payment schedule. *Compare* Compl. ¶¶ 50-52, 89 *with* Prior Action Compl. ¶¶ 28-35, 54-56. Next, Laconico alleges that Wells Fargo harmed her by fraudulently servicing her loan, Compl. ¶¶ 65-54 (53,54 are misnumbered, located on 17:21-18:2); *cf.* Prior Action Complaint ¶¶46, and that Wells Fargo harmed her by failing to follow the proper procedures for a foreclosure sale, Compl. ¶¶ 16-18, 25, 28, 26, 70-71; *cf.* Prior Action Compl. ¶¶ 12, 17, 61. The final harm alleged is emotional distress caused by the allegedly unlawful mortgage and foreclosure. *Compare* Compl. ¶¶ 74, 108, 110 *with* Prior Action Compl. ¶¶ 42, 149, 177. Consequentially, Laconico raised every primary right she now alleges in the Prior Action.

### iii. Both Actions Have the Same Parties

For claim preclusion to apply under California law, both actions must have the same parties, or there must be privity between the parties in both actions. "Whether someone is in

9

privity with the actual parties requires close examination of the circumstances of each case." *Rodgers v. Sargent Controls & Aerospace*, 136 Cal. App. 4th 82, 91 (2006). "This requirement of identity of parties or privity is a requirement of due process of law." *Clemmer v. Hartford Ins. Co.*, 22 Cal. 3d 865, 874 (1978), *overruled on other grounds by Ryan v. Rosenfeld*, No. S232582, 2017 WL 2589515, at *3 (Cal. June 15, 2017).

Wells Fargo is a party to both actions because Wells Fargo Home Mortgage was erroneously named in the Prior Action. The Deed and Note name WSB's "successors and assignees" as the lenders and beneficiaries for the mortgage. Deed at 1-2; Note at 1. Since Wells Fargo N.A. and not "Wells Fargo Home Mortgage" is WSB's successor, Laconico has simply named the wrong party in her suit. *See generally* Ex. B to RJN (OTS form showing name-change to Wachovia Mortgage); Ex. D to RJN (OTS form showing merger with Wells Fargo); Ex. E to RJN (FDIC webpage showing WSB history and merger with Wells Fargo). Accordingly, Wells Fargo explained in its notice of removal that Wells Fargo Home Mortgage was an erroneously named defendant. Notice of Removal 3, *Prior Action*, ECF 1. Wells Fargo proceeded to file the rest of its motions in the case under the name "Wells Fargo, N.A." *See generally* Certification and Notice of Interested Parties, *Prior Action*, ECF 2; Motion to Dismiss, *Prior Action*, ECF 12; Motion to Appear to Telephone, *Prior Action*, ECF 15. Wells Fargo also filed a certificate of interested parties that did not list "Wells Fargo Home Mortgage" as an entity but only naming itself and its parent company as parties interested in the suit. Certification and Notice of Interested Parties, *Prior Action*, ECF 2. Based on the record before the Court, the Court finds that Wells Fargo Home Mortgage was an erroneously named party, the party/privy prong of the claim preclusion analysis is satisfied. *See Boggiano v. Art Kapoor Realty Inc.*, No. 04-3054-PJH, 2005 WL 1575418, (N.D. Cal. July 1, 2005) (though prior wrongful foreclosure case had erroneously named party, party/privy claim preclusion prong still satisfied such that claim preclusion applied against properly named party in second wrongful foreclosure suit).

Because both actions involved the same parties and the same primary rights, and there was a final adjudication of the Prior Action, Laconico's claims are precluded. Since all of Laconico's claims are dismissed because of claim preclusion, the Court need not reach Wells Fargo's other

10

arguments in support of its motion to dismiss.

## V. LEAVE TO AMEND

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

Prior to this case, Laconico had a series of bankruptcy filings after defaulting on her loan, all of which were dismissed due to her failure to comply with her obligations to file the required documents. Moreover, Laconico also filed a suit concerning the same property in Santa Clara County Superior Court in 2015 prior to filing the instant suit again in 2016. While this is suggestive of bad faith, the record before the Court is insufficient to draw the ultimate conclusion of bad faith or dilatory motive. Though the other three factors are also not applicable to this case, the Court finds the last factor—futility of amendment—to be dispositive. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). The Ninth Circuit has alternatively stated that the test of whether amendment would be futile is "identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.*; *see Utterkar v. Ebix, Inc.*, No. 14-02250-LHK, 2015 WL 5027986, at *8 (N.D. Cal. Aug. 25, 2015).

Here, there is no set of facts Laconico could allege which would allow her to assert a claim that is not precluded. Laconico has not filed an opposition to the MTD and has not provided any factual or legal basis to allow her to overcome the effects of claim preclusion. Additionally, there is no claim she could now assert which she could not have brought in the Prior Action since the

11

foreclosure occurred prior to her filing the Prior Action Complaint in 2014, *see generally*, Ex. J to RJN (Notice of sale dated February 5, 2014); Prior Action Compl. (filed April 13, 2015), and Laconico now challenges the propriety of that foreclosure, *e.g.*, Compl. ¶ 38 (February 2014 notice of sale most recent foreclosure procedure challenged). Since there is no set of facts related to her foreclosure which could not have brought earlier and which therefore would not be precluded, it would be futile to allow her leave to amend.

## VI. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

Defendant's motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

Dated: July 6, 2017

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge